## *In re* ALFRED RHODUS.

### HABEAS CORPUS.    BEFORE JUDD, C.J.

### JUNE, 1882.

A mittimus in a criminal case is a "process," but not part of the "record:" where full light is not afforded by the mittimus, resort may be had to the record to ascertain what the sentence of the Court was.

In a mittimus it was stated that defendant was found guilty of assault with intent to murder, but the statutory words, "being armed with a dangerous weapon," were omitted: but it appearing from the Marshal's return to the writ of *Habeas Corpus,* that the prisoner is held under a valid sentence, he is remanded to custody and the writ discharged.

The petition alleges that it appears by the mittimus under which the prisoner is held by the Marshal of the Hawaiian Islands, that one Alfred Rhodus was convicted of the offense of an assault with intent to murder, and was sentenced to imprisonment at hard labor for the term of one year and to pay a fine of $500; and the petitioner avers that said imprisonment and detention is unlawful, because the punishment of imprisonment with hard labor is not authorized by the laws of this Kingdom for the offense of assault with intent to murder.

The return of the Marshal shows that the prisoner Alfred Rhodus, having been convicted at the July Term of the Supreme Court held in 1881, for that, being armed with a dangerous weapon, to wit, a loaded pistol, he did assault one Moku with

intent to murder, was committed to his (the Marshal's) custody by virtue of a mittimus from the Supreme Court, which is given in full and which corresponds with the averments in the petition.

The truth of the facts set forth in this return is not denied.

· The prisoner was, in fact, indicted, found guilty and sentenced for an assault, being armed with a dangerous weapon, to wit, a loaded pistol, with intent to murder, and the sentence imposed upon him was in accordance with the statute. The mittimus, in describing the offense, is correct as far as it goes, but leaves out the words of aggravation, *i.e.*, that the prisoner was armed with a dangerous weapon.

It is urged upon me that the mittimus is a "record" of this Court, that it imports verity upon its face, and that resort cannot be had to any other part of the record to ascertain the real character of the offense for which the prisoner was tried and of which he was convicted.

I consider that the mittimus is a "process" and no part of the "record" of a case. No copy of it is kept in the record. It is the authority by which the officer holds the prisoner. In cases where full light is not afforded by the mittimus, I think resort may be had to the record itself to ascertain what the sentence of the Court was. In the case of the *People vs. Cavanagh*, 2 Parker's Cr. Reports, p. 650, it was held that "when on *habeas corpus* it becomes material to know of what particular misdemeanor the prisoner was convicted, in order to determine whether the commitment was legal, resort may be had to the record," etc.

In the case before me, the mittimus, as I have said, omits words which are necessary to completely describe the offense, and which the return of the Marshal shows in full. I cannot say upon this showing that the prisoner has received an illegal sentence, and that, therefore, his detention is illegal.

It is true that there have been several instances where a prisoner has been discharged, the mittimus appearing to express an illegal sentence upon its face, but this was upon the assump-

tion that it corresponded with the judgment of the Court whence it proceeded and that this was itself illegal.

Suppose, however, a case where the sentence of the Court was shown to be illegal and not warranted by the law, but the mittimus showed a legal sentence, would not the prisoner be entitled to be discharged upon *habeas corpus?* I think he would.

I think it is requiring too much to insist that there shall be spread upon the mittimus the particulars of the indictment. To illustrate, there is a description of burglary where, if a person enters the dwelling-house of another in the night, even if no breaking be committed to obtain entry, but where a person not a party to the burglary is resident within such house, the offender being armed with a dangerous weapon at the time of entering or at any time while he is within the house, for which offense there is a punishment prescribed of imprisonment at hard labor not more than twenty years. I think it would be sufficient to describe this offense in the mittimus as burglary, and a failure to put therein any one of the somewhat complicated ingredients of the offense described in Sec. 12 of Chap. XIV., of the Penal Code, would not entitle a prisoner to be discharged.

It appearing from the return that the prisoner is held under a valid sentence of a Court of competent jurisdiction having present legal force, I do not feel authorized to discharge him. He is therefore remanded to the custody of the Marshal.

*A. S. Hartwell & F. M. Hatch,* for petitioner.

*Attorney-General Preston,* for respondent.

Honolulu, June 20th, 1882.