# IN RE NUNO FERNANDEZ.

### Appeal from Circuit Judge, Fourth Circuit.

Submitted June 26, 1899.　　　　　Decided August 3, 1899.

### Judd, C.J., Frear and Whiting, JJ.

A subdivision of a Code is not a law, and its subtitle is not a title within the meaning of the constitutional provision which provides that, "Each law shall embrace but one subject, which shall be expressed in its title."

The subtitle of Chapter XXXVII, Penal Code, is "Vagrants—Disorderly Persons." The title of Act 36, Laws of 1896, is "An Act to amend Chapter XXXVII of the Penal Code relating to vagrants and disorderly persons," &c. This title is sufficient under the constitutional provision referred to.

Sec. 370, Penal Laws, provides for the punishment of "any person * * who is found by night without lawful excuse (the proof of which excuse shall be upon such person) in or upon any dwelling house," &c. The parenthetical clause is separable from the rest of the section and therefore if unconstitutional does not invalidate the rest of the section.

Sec. 370, Penal Laws, provides that any person who does any one of a number of enumerated acts shall be punished, &c. The petitioner was charged with the commission of two of such acts and found guilty as charged. The mittimus recited that he had been convicted of the offense of violating Section 370, &c. Held, the mittimus was not void on its face and, the record showing a proper judgment by a court having jurisdiction, the defendant was not entitled to a discharge on *habeas corpus*.

### OPINION OF THE COURT BY FREAR, J.

The petitioner was convicted in the District Court of South Hilo, Hawaii, of being a disorderly person (under Sec. 370,

Penal Laws) and sentenced to three months' imprisonment and to pay costs. He appealed to the Circuit Court and pending the appeal was released on bail until the surety on his bail bond surrendered him into the custody of the sheriff. He then petitioned the Circuit Judge for this writ of *habeas corpus*. The Circuit Judge, after a hearing, remanded the petitioner to custody. The petitioner then took this appeal.

It is contended on behalf of the respondent that the Supreme Court and its Justices alone have jurisdiction to issue writs of *habeas corpus* in cases of "persons convicted, or in execution upon legal process," as held in *In re Matsuji*, 9 Haw. 402, construing Secs. 1145, 1646 and 1676 of the Civil Laws, and consequently that the Circuit Judge did not have jurisdiction to issue the writ in this case. But the law has since been amended so as to confer such jurisdiction upon the Circuit Judges. Civ. L. Sec. 1677.

On behalf of the petitioner it is contended, first, that the statute (Civ. L. Sec. 370) under which he was convicted is in conflict with the first part of Article 63 of the Constitution which provides that "Each law shall embrace but one subject, which shall be expressed in its title," it being contended that the statute embraces at least ten subjects of which only two, namely, "vagrants" and "disorderly persons" are expressed in the title.

The section (370) under consideration is a part of "Chapter 37" entitled "Vagrants—Disorderly Persons" of the Penal Laws which is a compilation never enacted as law, though in so far as it correctly sets forth the law it may be referred to in judicial proceedings without reference to the original law. Act 24, Laws of 1898. It is Sec. 1, as amended, of the chapter of the same number and title of the Penal Code. The amendment was made by Act 36 of the Laws of 1896, entitled, "An act to amend chapter XXXVII of the Penal Code relating to vagrants and disorderly persons, and repealing Chapter III of the session laws of 1876, and Chapter XL of the session laws of 1886 relative thereto." The title of this amendatory act is sufficient. Its object was to amend Chapter XXXVII of the Penal Code relating to vagrants

and disorderly persons and that object is expressed in its title. And as to the title of Chapter XXXVII itself of the Penal Code, Article 63 of the Constitution does not apply to that, because that chapter is not a distinct law by itself and has no title within the meaning of the constitutional provision. It is but a portion of the Penal Code, which is a comprehensive law, the title of which is broad enough to embrace the subjects covered by Chapter XXXVII and its amendments. See *Republic v. Parsons*, 10 Haw. 601, and cases there cited. It will therefore be unnecessary to consider whether the section of the law under which the petitioner was convicted embraces any subjects not covered by the words "vagrants" and "disorderly persons," and whether, if so, the section would be unconstitutional if it constituted a separate law by itself.

Secondly, that the portion of Section 370 under which the petitioner was charged and convicted is unconstitutional because it imposes on defendants the burden of proving their innocence. This portion provides for the punishment of "any person * * who is found by night without lawful excuse (the proof of which excuse shall be upon such person) in or upon any dwelling-house," &c. Defendant relies on the case of *In re Wong Hane*, 108 Cal. 680. In that case the ordinance provided that, "It shall be unlawful for any person to have in his possession, unless it be shown that such possession is innocent or for a lawful purpose, and lottery ticket," &c. The court held that the legislature could not constitutionally overthrow the presumption of innocence and that since that portion of the statute which purported to do so was inseparable from the rest, the whole had to fall. The court held that the qualification as to proof was attached to the definition of the offense and expressed the opinion that if the offense had been defined as consisting of the possession with a criminal purpose the case would have been different. The present case differs from that case in that respect. Here the absence of lawful excuse is coupled with the being found at night in a dwelling-house, &c., as part of the definition of the offense, and the clause relating to proof is an independent provision

which, if unconstitutional, may be discarded without affecting the validity of the remainder of the law. We need not therefore express an opinion as to whether the clause relating to proof is constitutional or not.

Thirdly, that since the petitioner was charged with the commission of only two of the acts described in Section 370, it was error to set forth in the mittimus, as was done in this case, that the defendant was convicted of violating Section 370, &c., which describes a large number of acts. Sec. 370 does not purport to describe or name different general offenses. It merely provides that any person who does any one of a number of enumerated acts shall be punished, &c. Thus, in a sense, the defendant was guilty, as set forth in the mittimus, of violating Sec. 370. He violated it in two respects, for he was charged with having committed two of the acts enumerated and was found guilty as charged. But even if the different acts enumerated constituted different general offenses, still the mittimus would not be void on its face, for, so far as appears there, the defendant might have been guilty of all the offenses described in the section. There is but one punishment prescribed in the section. The alleged defect, if it is a defect, in the mittimus is made to appear only by reference to the record, but the moment a reference is made to the record it appears precisely what the defendant was found guilty of and that the court had jurisdiction of the offenses charged and to render the particular judgment. See *In re Rhodes*, 6 Haw. 343; *In re Piipiilani*, 7 Haw. 95; *Ex Parte Murray*, 43 Cal. 455.

Fourthly, that Sec. 370 was repealed by implication by Act 63 of the laws of 1890 and consequently that Act 36 of the laws of 1896 which purported to amend it (Sec. 370, P. L., i. e., Ch. 37 of the Penal Code) is null and void because the law which it purported to amend was no longer in existence. In our opinion Act 63 of the laws of 1890 did not repeal Sec. 370, Penal L., or Ch. 37, Penal Code. Act 63 is entitled "An Act supplementary to Chapter XXXVII of the Penal Code," &c., and its substance as well as its title shows it to be supplementary and not substitu-

tional.   A reference to the two laws will make this so apparent that we need not elaborate.

The decision of the Circuit Judge remanding the prisoner to the custody of the sheriff is affirmed.

*W. S. Wise, Paul Neumann* and *J. T. De Bolt* for the petitioner.

*Attorney-General H. E. Cooper, Deputy Attorney-General E. P. Dole,* and *G. F. Little* for the respondent.