## TERRITORY *v.* ED. APA.

## No. 1585.

ERROR TO CIRCUIT COURT FIRST CIRCUIT.
HON. J. R. DESHA, JUDGE.

ARGUED JANUARY 20, 1925.                    DECIDED MARCH 30, 1925.

PETERS, C. J., PERRY AND LINDSAY, JJ.

CONSTITUTIONAL LAW—*invalidity of portion of statute.*

   If when an unconstitutional portion of a statute is stricken out that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, the remainder must be sustained.

CRIMINAL LAW—*form of charge—immaterial amendments.*

   A charge that the defendant operated two vehicles and that one of them had tires that were too narrow is not essentially different from a charge that the defendant operated one vehicle and that that one vehicle had tires that were too narrow.

OPINION OF THE COURT BY PERRY, J.

On a date which does not appear from the record a complaint was sworn out against the defendant before the district magistrate of Honolulu in the following words: "That one Ed Apa at Honolulu, City and County

of Honolulu, Territory of Hawaii, on the 18 day of June, A. D. 1923, being then and there operating, propelling or in charge of a certain vehicle, to-wit: 7092 equipped wholly or partly with solid tires, upon that certain highway, to-wit: Allen Street, in said Honolulu, wilfully and unlawfully did operate said vehicle upon said highway the weights of said vehicle with its load exceeded 500 pounds upon each inch in width of the tire on said vehicle, contrary to Section No. 49, of Ordinance No. 176, as amended by Section No. 2 of Ordinance No. 197, of the City and County of Honolulu." On June 29, 1923, the charge was entered against the defendant in the district court "in the words of the complaint on file in this case" and the defendant pleaded not guilty. The magistrate found the defendant guilty and the defendant, on July 3, 1923, appealed from the judgment of conviction to the circuit court of the first judicial circuit. In his certificate of appeal the magistrate, in setting forth the offense of which he convicted the defendant, used the precise language above quoted from the complaint filed before him.

On January 3, 1924, the case first came up in the circuit court, O'Brien, J., presiding. The record does not show that the district court charge or any other charge was at that time made or entered in the circuit court against the defendant; but on that day, according to the record, the attorney for the defendant "files a demurrer herein and argues the same" and the prosecuting attorney "states to the court that the demurrer brings up several points that he is not now prepared to argue * * * and moves that further argument be continued to another day." This request was granted and the court continued "hearing on the demurrer" to January 7, 1924. On January 7, 1924, without apparently any further argument or ruling on the demurrer, the prosecuting attorney filed

a paper entitled "Complaint" and referred to in the clerk's minutes of that date as "an amended complaint," in which he, in his official capacity and upon his official oath, "accuses and charges" the defendant as follows: "That the said Ed. Apa at Honolulu, City and County of Honolulu, Territory of Hawaii, on the 18th day of June, A. D. 1923, being then and there operating and propelling and in charge of two certain vehicles, to-wit, automobile No. 7092 and a vehicle commonly known as a trailer, which said trailer was then and there attached to the said automobile as aforesaid, and which said trailer was equipped wholly or partially with solid metal tires, wilfully and unlawfully did operate said vehicles upon that certain highway, to-wit, Allen Street, in said Honolulu, at a time when the weight of the said trailer together with its load exceeded five hundred pounds upon each inch in width of the metal tires of said trailer contrary to the provisions of Section 49 of Ordinance 176 of the City and County of Honolulu, as amended by Section 2 of Ordinance 197 of the said City and County."

On the same day (January 7, 1924) a warrant for the arrest of the defendant was signed by Judge O'Brien and filed,—purporting to be based "upon the information" of the deputy city and county attorney. Whether this warrant was ever served or not does not appear from the record. On the same day, also, the court allowed the defendant five days within which to demur, plead or otherwise answer to this "amended complaint."

On January 12, 1924, the defendant filed a motion to quash "the complaint herein." The record is silent as to whether this motion was ever argued or ruled on. On April 1, 1924, in the same court, before Desha, J., the prosecuting attorney "moves to withdraw the original complaint and file an amended complaint" and the motion was allowed. Thereupon defendant's attorney

"argued on the demurrer." On April 15, 1924, the demurrer was overruled and the trial was set for April 18, 1924. On the date last mentioned the following proceedings took place:

Mr. Godbold (city and county attorney): "Do you consent that the charge be entered in the words of the amended information?"

Mr. Beebe (attorney for defendant): "Without waiving my demurrer, I consent."

Mr. Godbold: "And at this time enter a plea of not guilty to the charge?"

Mr. Beebe: "Yes."

The Court: "Let the record show that the defendant waives the reading of the charge and consents that the charge be entered in the words of the amended complaint and pleads not guilty."

The trial and conviction of the defendant followed. The case comes to this court upon a writ of error, the appellant assigning five alleged errors.

The charge against the defendant was brought under the provisions of Ordinance No. 176 of the City and County of Honolulu, as amended by Ordinance No. 197 (Revised Ordinances, pp. 161 to 179). Section 49 of Ordinance No. 176, as amended by section 2 of Ordinance No. 197 (Revised Ordinances, Sec. 449, pp. 176, 177) reads as follows: *"Limit of Weight and Wear Defined.* No vehicle equipped, wholly or partly with solid tires shall be operated on any highway the weight of which with its load exceeds six hundred and fifty pounds upon any inch in width of the tire used thereon; and no vehicle equipped wholly or partly with metal tires or vehicle resting on any metal roller, wheel or other object or portion thereof in contact with the highway, shall be operated on any highway the weight of which with its load exceeds five hundred pounds upon any inch of width

of the tire used thereon or other portion thereof coming in contact with the highway; provided, however, that traction engines or tractors, the propulsive power of which is exerted not through wheels resting upon the ground, but by means of a flexible band or chain known as a movable track, shall not be subject to the foregoing limitations upon permissible weight per inch of width of tire if the portions of the movable track in contact with the surface of the highway present plain surface. The measurement of the solid tires of any vehicle shall, for all the purposes of this chapter be made at the channel base thereof, that is between the flanges upon the wheel whereby such tires are held in place. The total width of all the tires on any one wheel shall be deemed the width of one tire. No solid tires shall be used on any vehicle unless such tires, if five inches or less in width, are not less than three-fourths of an inch thick, and if more than five inches wide, are not less than one inch thick above the edge of the flange of the periphery."

Section 52 of Ordinance No. 176 (Revised Ordinances, Sec. 452, p. 178) reads as follows: *"Permission to Operate Certain Heavy Vehicles.* The City and County Engineer may grant permission for the moving of heavy vehicles and objects mentioned in Sections 447 to 449, inclusive, over any public highway, upon proper application in writing being made therefor, and the said Engineer may require a sufficient bond to protect the City and County from any loss or damage by reason of such operation and moving."

One of the contentions advanced on behalf of the defendant is that the ordinance under which the prosecution was maintained violates the Fifth and Fourteenth Amendments of the Constitution and is void, the argument being in substance that the ordinance, in its section 52, "is a grant of arbitrary power, which may be most

arbitrarily used," by the city and county engineer, "in favor of one man, one corporation or a class of men, or corporations, in such fashion as to give them a monopoly of heavy hauling in the City and County, and to deprive others engaged in the business of their property and freedom of action without due process of law" and that "it offends against the inhibition of the Fourteenth Amendment, because the provisions of the ordinance permit it to be so administered as to·be utterly violative of all requirements of equal protection of law."

There can be no doubt that a statute is to be deemed constitutional unless the contrary clearly appears. So, also, it is well settled in this jurisdiction as well as elsewhere that a statute may be void in part and yet valid as to the remainder and that, in other words, the unconstitutionality of one portion of the statute does not necessarily lead to the conclusion that the remainder of the statute is unconstitutional. "The rule is that where the provisions are so interdependent that one may not operate without the other, or so related in substance and object that it is impossible to suppose that the legislature would have passed the one without the other the whole must fall; but if, when the unconstitutional portion is stricken out, that which remains is complete in itself and capable of being executed in accordance with the apparent legislative intent, it must be sustained." 26 A. & E. Ency. L. 570. "If, after striking out. the unconstitutional part of a statute, the residue is intelligible, complete, and capable of execution, it will be upheld and enforced, except, of course, in cases where it is apparent that the rejected part was an inducement to the adoption of the remainder." *Ter.* v. *Hoy Chong,* 21 Haw. 39, 43, quoting from *Scott* v. *Flowers,* 61 Neb. 620, 623. See also *In re Fernandez,* 12 Haw. 120, 122, 123.

Ordinance No. 176 is entitled, "An Ordinance to Regu-

late the Use of the Highways in the City and County of Honolulu and in that regard to Regulate the Use and Operation of Vehicles and Street Cars thereon; to Prohibit Certain Persons from Operating Vehicles upon the Highways; to Regulate the Speed of Vehicles upon Highways; to Provide Penalties for Violations of Provisions of this Ordinance; to Provide for the carrying out of the Objects of this Ordinance, and to Repeal Ordinances Numbers 11, 37, 51, 56, 63, 64, 88, 93, 96, 120, 137 and 147." It contains fifty-nine sections and deals in detail with the various subjects enumerated in the title. Section 49 deals with the width of tires as compared with the weight of the vehicles. It was clearly intended as a measure for the protection of highways against destruction by unduly narrow tires. While section 52 authorizes the city and county engineer to grant permission for the moving of the heavy vehicles mentioned in section 49 and in other sections over public highways upon proper application in writing therefor and to require a sufficient bond to protect the City and County from loss or damage by reason of such operation and moving, there is no reason for supposing that the legislature would not have passed section 49 without section 52. Section 49 is complete in itself and capable of being executed in accordance with the apparent legislative intent. The legislative authority which enacted the ordinance in question has expressed its own view of and intention in the matter very clearly, to the effect that section 49 may stand by itself, without the aid of section 52, in its statement in section 58 of the same ordinance that "if any section, subdivision, sentence, clause or phrase of this ordinance is for any reason held to be invalid or unconstitutional, such decision shall not affect the validity of the remaining portions of this ordinance." Assuming, therefore, without deciding, that section 52 is

unconstitutional, the validity of section 49 is not affected thereby. The defendant in the case at bar was charged and convicted under section 49 alone and does not complain in any respect of any exercise of power by the city and county engineer under section 52 or of any omission of the engineer to exercise power thereunder.

Other contentions of the defendant are that the charge entered in the district court against him was dismissed by the prosecuting attorney in the circuit court, that in its place a new charge was entered different in substance from the charge presented in the district court and that the circuit court on appeal was without jurisdiction to try the defendant upon a charge entered for the first time in the circuit court. We cannot find from the record that the charge entered in the district court was ever dismissed or abandoned by the prosecution. There is a statement, in the proceedings of April 1, 1924, that the prosecuting attorney "moved to withdraw the original complaint and to file an amended complaint." But a complaint in the district court under our statutes and the practice of that court is quite a different thing from the charge there entered. The "complaint" is the statement sworn to by an aggrieved individual or by an officer of the law filed with the magistrate as the basis for the issuance of a warrant of arrest or a penal summons. The record shows that in the district court on June 29, 1923, the *charge* was entered against the defendant "in the words of the complaint on file in this case." The magistrate used those words correctly in his record. The motion in the circuit court to "withdraw the original complaint" cannot be regarded as a dismissal or abandonment of the *charge* which had been entered in the district court. Moreover the whole history of the case shows that the prosecution far from abandoning the charge entered in the district court was seeking in various ways

to secure an amendment of that charge.  The only *charge* entered in the circuit court was entered on April 18, 1924, when the prosecuting attorney, as above shown in detail, in open court asked defendant whether he would "consent that the charge be entered in the words of the amended information" and defendant assented to such entry.  To put the matter beyond doubt, the trial court at that time instructed the clerk to have the record show that the defendant "waives the reading of the charge and consents that the charge be entered in the words of the amended complaint."

The charge entered in the district court was that the defendant, at a time and place named, "being then and there operating, propelling or in charge of a certain vehicle, to-wit: 7092 equipped wholly or partly with solid tires * * * did operate said vehicle upon said highway the weights of said vehicle with its load exceeded 500 pounds upon each inch in width of the tire on said vehicle, contrary to Section No. 49, of Ordinance No. 176, as amended by Section No. 2 of Ordinance No. 197."

The charge as entered in the circuit court was that the defendant at the same time and place named in the district court charge, "being then and there operating and propelling and in charge of two certain vehicles, to-wit, automobile No. 7092 and a vehicle commonly known as a trailer, which said trailer was then and there attached to the said automobile as aforesaid, and which said trailer was equipped wholly or partially with solid metal tires, * * * did operate said vehicles," upon the same highway named in the district court charge "at a time when the weight of the said trailer together with its load exceeded five hundred pounds upon each inch in width of the metal tires of said trailer" contrary to the provisions of the same ordinances and sections thereof.

The district court charge, it is obvious, was ungram-

matical and was inartificially drawn.   Strictly regarded, that charge does not set forth that the vehicle therein referred to was automobile No. 7092 or even that the vehicle was an automobile.   Its language would permit of proof that the vehicle was an automobile or a trailer and that it was automobile or trailer bearing number 7092 or any other number or no number at all.   Assuming, however, that the figure "7092" was intended to indicate that the vehicle in that charge referred to was numbered 7092, the substance of the charge as entered in the district court then, is that the defendant operated a certain vehicle, to wit, vehicle No. 7092, with unduly narrow tires; and the substance of the charge as entered in the circuit court is that the defendant operated two vehicles, one being automobile No. 7092 and the other a trailer with unduly narrow tires.   The essence of the charge in each instance is that the defendant operated a vehicle with unduly narrow tires.   The record does not disclose that the trailer had any number different from that of the automobile which was drawing it.   For aught that appears to the contrary from the record, the number attached to the automobile served also as the number of the trailer.   However that may be, the number attached to the vehicle thus illegally operated is utterly immaterial.   A charge that the defendant operated two vehicles and that one of them had tires that were too narrow is not different in substance from a charge that he operated one vehicle and that that one vehicle had tires that were too narrow. The charge as entered in the circuit court was not essentially different from the charge as entered in the district court. It was in substance the same charge although the words were slightly different.

It becomes unnecessary therefore to consider whether the circuit court has original jurisdiction of offenses against the ordinances of the City and County of Hono-

lulu or has jurisdiction to entertain a charge substan-tially different from that entered in the district court and for the first time presented against the defendant in the circuit court, when the matter comes before the circuit court on appeal from a judgment of the district court.

The remaining assignments of error have been con-sidered. They are not sustained.

The judgment of the trial court is affirmed.

*Marguerite K. Ashford (Thompson, Cathcart & Beebe* on the briefs) for plaintiff in error.

*N. D. Godbold,* Deputy City and County Attorney (also on the brief), for the Territory.