(No. 19639.—)

THE PEOPLE *ex rel.* John B. Fergus *et al.* Appellants, *vs.* GEORGE W. BLACKWELL *et al.* Appellees.

*Opinion filed December 18, 1930.*

JOHN A. SWANSON, State's Attorney, (RAY E. LANE, of counsel,) for appellants.

M. P. RICE, and DECK, JACK & BOGGESS, (JESSE L. DECK, of counsel,) for appellees Ray Paddock *et al.*

SCHNACKENBERG & HANSEN, for appellees William G. Thon *et al.*

Mr. JUSTICE ORR delivered the opinion of the court:

This is a *quo warranto* proceeding instituted in the circuit court of Cook county on the relation of John B. Fergus and H. H. Harrison against the defendants, as senators and

representatives elected to the Fifty-sixth General Assembly, to require them to show by what right and authority they held their offices for their respective districts. The petition for leave to file the information, which was granted, and the information, both set forth in detail the basis for the proceeding, which was that every General Assembly since 1911, including the Fifty-sixth General Assembly, had failed to re-apportion the State into districts on the basis of population, as required by section 6 of article 4 of the constitution of 1870, and that each General Assembly since 1911, including the Fifty-sixth, composed of the defendants, was illegal, unconstitutional and void, and that the defendants are therefore not eligible and qualified to act as members of the General Assembly to represent the respective districts for which they were elected. Some of the defendants filed demurrers, and the others, under special appearances, presented the same points on motions to quash the writ and dismiss the suit, asserting that the court lacked jurisdiction of the subject matter of the proceeding, and had no power, in any event, to grant relief against the defendants. The trial court sustained the demurrers and motions to quash and entered a judgment dismissing the information, and this appeal followed.

Appellants contend the trial court erred in sustaining the demurrers and motions to quash, and assert that where an information in the nature of *quo warranto* in proper form calls upon a defendant to show by what right he holds a public office, the defendant must answer by disclaimer or by justifying, and if he justifies he must set out his title, particularly showing by what right he holds the office. (*People* v. *Central Union Telephone Co.* 232 Ill. 260; *People* v. *O'Connor,* 239 id. 272.) This rule applies, however, only where the information in general terms calls upon the defendant to establish his title to the office. An information may be general and not set forth the basis of the

challenge, but where the information sets forth expressly and in detail the grounds for the attack upon defendant's right to hold an office, the defendant may challenge the sufficiency of the information by demurrer, and if it appears from the allegations of the information that the court has no jurisdiction of the subject matter of the proceeding, and no power, in any event, to grant relief against the defendant, a motion to quash the information is appropriate. The Quo Warranto act (Cahill's Stat. 1929, chap. 112, secs. 4, 5,) expressly provides that the defendant shall "demur or plead" to the information. Similarly, section 15 of the Practice act (Cahill's Stat. 1929, chap. 110, p. 2018,) provides that in *quo warranto* "the issue shall be made up by answering, pleading or demurring." We have repeatedly recognized the right of a defendant, in a proper case, to challenge the sufficiency of the allegations contained in such an information by demurrer. *Distilling Co.* v. *People,* 156 Ill. 448; *People* v. *Cooper,* 139 id. 461.

We have held that this court has no power, under the constitution, to compel the legislature to re-apportion the State, as required by the constitution. (*Fergus* v. *Marks,* 321 Ill. 510; *Fergus* v. *Kinney,* 333 id. 437.) What this court cannot do directly in this respect it cannot do indirectly. (*Fergus* v. *Kinney, supra.*) The sole basis for the present proceeding is the claim that because of the failure of the legislature to make the necessary re-apportionment no General Assembly since 1911 has had any *de jure* existence or validity. A similar contention was made in *Fergus* v. *Kinney, supra,* and *People* v. *Clardy,* 334 Ill. 160, and was there held to be untenable. On appellants' theory neither the legislature as now composed nor any succeeding legislature elected prior to a new re-apportionment of the State would be a *de jure* body. It would therefore be impossible for the present or any succeeding legislature to re-apportion the State, since on the theory of this proceed-

ing there could be no *de jure* legislature until after a re-apportionment has been made. But since re-apportionment can be made only by the legislature, it is apparent that on appellants' theory, which is the foundation of this proceeding, re-apportionment can never be made. Moreover, on the same theory all laws enacted since 1911 would be invalid and no new laws could be enacted. What we have said in *Fergus* v. *Kinney* and *People* v. *Clardy, supra,* is sufficient to dispose of any such contention. The matters complained of are solely within the province of the General Assembly and the courts have no power to coerce or direct its action.

The judgment of the circuit court sustaining the demurrers and dismissing the information is affirmed.

*Judgment affirmed.*