STATE OF HAWAII, Plaintiff-Appellee, *v.* GENE ALBANO and ROSE ALBANO, Defendants-Appellants, and PETER H. FAJARDO, LILY K. FAJARDO, BENJAMIN C. FAJARDO, ROMEO T. BOLOSAN, DELIA C. BOLOSAN, ANDY V. CORPUZ, PACITA CORPUZ, ROMAN P. BAYAN, SR., JUANITA DOMINGCIL, BELINDA A. TONGSON, JAIME M. TONGSON, MONICO V. ACIDO, ANDREA A. MADAMBA, ORLANDO B. VALDEZ, JUN A. SALENDA, SAMUEL J. ATUD, DON D. DULATRE, BEN F. ABENDANIO, BONIE F. ABENDANIO, WILLIAM F. ABENDANIO, NICOMEDES R. JAMORABON, CONCEPCION M. LAZARO, JUANITO C. LAZARO, MATIAS M. VENTURA, JUANA V. VENTURA, SINFRONIO B. ACORDA, FELIZ A. DACUYCUY, MARCIAL C. CADELINA, MAGDALENA D. CADELINA, ANDRES A. BARIA, and HENRY A. BATOON, Defendants

NO. 9577

(CRIMINAL NO. 58940)

OCTOBER 3, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ.,
AND CHIEF JUDGE BURNS, IN PLACE OF
ASSOCIATE JUSTICE WAKATSUKI, DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

Appellants Gene Albano and Rose Albano, along with others, were indicted for alleged election fraud in connection with the 1982 elections. Appellants moved to dismiss the indictment, claiming that the statutory provisions under which they were indicted were unconstitutionally vague and that the indictment failed sufficiently to charge a crime. The court below denied their motion but allowed them an interlocutory appeal. We affirm in part, reverse in part and remand with instructions.

At the time of the events which gave rise to the indictment, Gene Albano was an elected member of the Hawaii house of representatives and his wife Rose Albano was a designated voter registrar under the provisions of HRS § 11-15(e). In the indictment, the pertinent statutory sections cited as a basis for the charges are HRS §§ 11-15, 19-3(8) and 702-221. Those statutory sections read as follows:

§ 11-15 *Application to register.* (a) Any person qualified to

and desiring to register as a voter in any county, may present himself at any time during business hours to the clerk of the county, then and there to be examined under oath as to his qualifications as a voter. Each applicant shall make and subscribe to an application in the form of an affidavit.

The affidavit shall contain the following information:

(1) Name;

(2) Social security number;

(3) Date of birth;

(4) Residence, including mailing address;

(5) That the residence stated in the affidavit is not simply because of the person's presence in the State but that the residence was acquired with the intent to make Hawaii the person's legal residence with all the accompanying obligations therein;

(6) That the person is a citizen.

(b) Any person qualified to and desiring to register as a voter for the election of members of the board of trustees of the office of Hawaiian affairs shall make and subscribe to an application in the form of an affidavit which shall state that the person is Hawaiian and which shall contain the information required under subsection (a). The affidavit shall also apply to all elections, primary, special primary, general, special general, special, or county, held in the State, under all voting systems used within the State, so far as applicable and not inconsistent with this title.

(c) The applicant shall swear to the truth of the allegations in his application before the clerk, who is authorized to administer oaths. Unless contested by a qualified voter, the clerk may accept, as prima facie evidence, the allegation of the applicant in information required in the affidavit in item 5 of subsection (a), and the allegation of the applicant that he is Hawaiian required in subsection (b). In any other case where the clerk shall so desire or believe the same to be expedient, he may demand that the applicant furnish substantiating evidence to the allegations of his application.

(d) If the clerk is satisfied that the applicant is entitled to be registered as a voter, the applicant shall then affix his signature to the affidavit and the clerk shall affix his signature; or the

clerk shall enter "Unable to sign" and the reason in the space for the applicant's signature. A voter having once been registered shall not be required to register again for any succeeding election, except as hereinafter provided. The affidavits so approved or accepted by the clerk shall thereupon be numbered appropriately, filed by the clerk and kept in some convenient place so as to be open to public inspection and examination.

(e) The clerk may designate a subordinate or subordinates to act in the clerk's place and stead in all matters covered by this section, provided that no candidate shall be eligible to serve as a subordinate.

§ 19-3 *Election frauds.* The following persons shall be deemed guilty of an election fraud:

. . . .

(8) Every public officer by law required to do or perform any act or thing with reference to any of the provisions in any law concerning elections contained, who wilfully fails, neglects, or refuses to do or perform the same, or who wilfully performs it in such a way as to hinder the objects thereof, or who is guilty of any wilful violation of any of the provisions thereof.

§ 702-221 *Liability for conduct of another.* (1) A person is guilty of an offense if it is committed by his own conduct or by the conduct of another person for which he is legally accountable, or both.

(2) A person is legally accountable for the conduct of another person when:

(a) Acting with the state of mind that is sufficient for the commission of the offense, he causes an innocent or irresponsible person to engage in such conduct; or

(b) He is made accountable for the conduct of such other person by this Code or by the law defining the offense; or

(c) He is an accomplice of such other person in the commission of the offense.

Forty-five counts of the indictment charge that appellant Gene Albano was legally accountable under § 702-221(2)(a) for the conduct of a named voter registrar, that he caused said voter registrar to do some specific act alleged in the indictment with respect to the

registration of a particular voter, which "constituted wilful violation and wilful hindering of the objectives of § 11-15 of the Hawaii Revised Statutes" and therefore constituted the offense of election fraud in violation of HRS § 19-3(8).[1]

In three counts,[2] he is charged with aiding in the planning of and the commission of the offense of election fraud by Rose Albano, that conduct alleged to be registering a voter to vote at an address which was not the voter's address, thereby violating HRS § 11-15 and, hence, HRS § 19-3(8).

In eight counts,[3] he is alleged to have aided in the commission of the offense of election fraud by one Laura DeFiesta, a deputy registrar, who is alleged to have wilfully violated HRS § 11-15 by failing to have a named voter swear to the truth of the allegations in the voter's affidavit on application for voter registration, thereby violating HRS § 19-3(8).

Appellant Rose C. Albano is charged in three counts[4] with wilfully violating HRS § 11-15 by registering a named voter using an address which was not the voter's residence, and thereby violating HRS § 19-3(8).

Appellants contend that HRS § 19-3(8) is unconstitutionally vague. This court, many years ago, said:

> The general rule of criminal law is that a penal statute should define the offense created with sufficient certainty to convey to a person of ordinary intelligence an adequate description of the evil intended to be prohibited. This is known as the "standard of guilt." If the standard of guilt established by the statute is unascertainable, obviously the statute is a nullity and cannot support a valid indictment for a violation of its provisions; a prosecution thereunder is without due process and within the inhibition of the fifth article of the amendments to the Constitu-

---

[1] The 45 counts are I, II, IV, VI, VIII, X, XII, XIV, XVI, XIX, XXI, XXIII, XXV, XXVII, XXIX, XXX, XXXI, XXXII, XXXIV, XXXVI, XXXVIII, XXXIX, XL, XLII, XLIV, XLVI, XLVIII, L, LII, LIII, LIV, LV, LVII, LIX, LXI, LXII, LXIV, LXVI, LXVIII, LXIX, LXXI, LXXIX, LXXX, LXXXI, and LXXXII.

[2] Counts LXXIV, LXXVI and LXXVIII.

[3] Counts LXXXIII, LXXXIV, LXXXV, LXXXVI, LXXXVII, LXXXVIII, LXXXIX, and XC.

[4] Counts LXXIII, LXXV and LXXVII.

tion of the United States. It is equally obvious that if the criminal statute, for the reasons stated, is a nullity it is superfluous to assert that an indictment framed under the statute also contravenes the sixth article of the amendments of the Constitution of the United States requiring that in all criminal prosecutions the accused should be informed of the nature and cause of the accusation. If the statute is a nullity it cannot support an accusation.

*Territory v. Tam,* 36 Haw. 32, 37 (1942). In the face of the present challenge, we must therefore examine HRS § 19-3(8), the election fraud statute upon which the indictment is bottomed, in the light of the standard quoted. Under the wording of that statutory subsection, there are three possible crimes which can be committed by a voter registrar: (1) wilfully failing, neglecting or refusing to do or perform any act or thing with reference to any of the provisions of any law concerning elections which the registrar is required to do or perform, (2) wilfully performing such an act in such a way as to hinder the objects of the election law, and (3) wilfully violating any provisions of the election law.

Clearly, (1) and (3) pass muster with respect to the claim of vagueness under the test cited. Clearly also, (2) does not. It does not give a voter registrar of ordinary intelligence an adequate description of the evil intended to be prohibited by that provision nor is it sufficient to inform such a registrar of "what is required of him so that he may govern himself accordingly." *Territory v. Tam, supra* at 37.

We hold that the clause in HRS 19-3(8) which reads: "or who wilfully performs it in such a way as to hinder the objects thereof" is unconstitutionally vague and thereby violates the due process clause of Section 5, Article I of the Constitution of the State of Hawaii.

Of course the remainder of the subsection is not invalidated since the other clauses are separable from the unconstitutional clause. HRS § 1-23; *Territory v. Tam, supra;* 16 Am. Jur.2d, *Constitutional Law* § 262 (1979).

Forty-five counts of the indictment against appellant Gene Albano allege that his actions complained of constituted wilful violation and "wilful hindering of the objectives" of HRS § 11-15. The wilful hindering charge, like the statutory provision on which it is

based, is unconstitutionally vague and must be struck down.

The defect, however, is not fatal to those 45 counts in the indictment.

In *Territory v. Tam, supra,* this court was dealing with an indictment under the hit-and-run statute of the Territory of Hawaii. The appellant was charged with "failing to render needed assistance" as required by the statute and with failing to stop as required by the statute. This court found it unnecessary to pass upon the challenge that the charge of "failing to render needed assistance" was unconstitutionally vague because it found that the charge of failing to stop was not vague and was sufficient to state an indictable offense. That case, of course, was decided on a demurrer to the indictment, a form of pleading which has been abolished by our Hawaii Rules of Penal Procedure.

Rule 7, HRPP, governs the handling of indictments and charges under modern practice. While Rule 7(f) allows the amendment of a charge other than an indictment, there is no provision in our rules or statutes which allows substantive amendments of indictments. On the other hand, Rule 7(e) does permit surplusage to be stricken from indictments. This is in accord with the corresponding federal rule and the decisions thereunder. 1 Wright, *Federal Practice and Procedure* § 127 (1982).

Appellants moved below to dismiss the indictment, not to strike surplusage from it. However, our ruling on the constitutionality of the charge of wilfully hindering the objectives of HRS § 11-15 has rendered those allegations in the 45 counts against appellant Gene Albano surplusage. Accordingly, as to those 45 counts, we affirm the denial of the motion to dismiss but instruct the court below, on remand, to strike that charge from those counts as surplusage.

As we have noted, three counts charge appellant Gene Albano with "aiding in the planning" and the eight counts charge him with "aiding in committing" violations of HRS § 11-15 and thus committing election fraud under HRS § 19-3(8). HRS § 806-34 provides: "In an indictment the offense may be charged either by name or by reference to the statute defining or making it punishable; . . . ." Aiding either in planning or committing an offense are elements of the definition of an "accomplice" set forth in HRS § 702-222. The section making it a crime to be an "accomplice", however, is HRS § 702-221(2)(c). *State v. Hernandez,* 61 Haw. 475, 605 P.2d 75

 

(1980). The word "accomplice" is not used and the statutory section is not cited in any of the 11 counts with which we are here concerned.

It is true that one who is charged as a principal can be convicted as an accomplice without accomplice allegations being made in the indictment. *State v. Apao,* 59 Haw. 625, 586 P.2d 230 (1978). But Gene Albano could not be charged with being the principal of a crime committed under HRS § 19-3(8) because, as an elected representative, he was not and, indeed, could not be, a voter registrar under HRS § 11-15(e) and hence could not be a public officer required to do any act with respect to the election laws under HRS § 19-3(8).

Thus, there has been no compliance in those counts with the requirement of Rule 7(d), HRPP, that: "The charge shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated." Neither the customary or official citation appear in the counts in question. As to those 11 counts, therefore, we reverse the order denying the motion to dismiss because the State has failed sufficiently to allege the crime charged.

As to the three counts against appellant Rose C. Albano, they state that she did wilfully violate HRS § 11-15 by registering a named voter to vote using an address which was not said voter's residence. However, under § 11-15, she is expressly permitted, in the absence of a challenge by a qualified voter, to accept, as prima facie evidence, the allegations of residence by an applicant in his affidavit. There is nothing alleged in the three counts in question to indicate that there was a challenge by a qualified voter or, for that matter, that the appellant had any information contrary to that contained in the affidavits. The three counts charging appellant Rose C. Albano with election fraud are, therefore, also defective and must be dismissed.

Since there has been no conviction as yet in this case, any discussion of the appropriate sentencing provision would be premature.

Affirmed in part and reversed in part, and remanded with instructions to strike from the 45 counts enumerated in n.1 the words "and wilful hindering of the objectives," to dismiss the 11 counts enumerated in n.2 and n.3, to dismiss the three counts enumerated in n.4 with respect to appellant Rose C. Albano, and

for further proceedings consistent herewith.

*David C. Schutter (Jerel D. Fonseca* with him on the briefs, *Schutter Pavey Cayetano* of counsel) for appellants Albano.

*Alexa Fujise (Arthur E. Ross* on the brief), Deputy Prosecuting Attorneys, for appellee.