IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1922

---

ANTHONY BOTTI, RELATOR, v. JOHN J. McGOVERN, CLERK OF HUDSON COUNTY, AND THE HUDSON COUNTY BOARD, OF ELECTIONS, DEFENDANTS.

Argued August 22, 1922—Decided August 30, 1922.

1. The right of the inhabitants of the several counties of the state to be accorded the representation in the lower house of the state legislature, provided by the constitution, cannot be defeated by the legislature refusing or neglecting to make an apportionment of the representation at the sitting of the legislature next after the promulgation of the federal census.
2. The action of the legislature of 1922 in passing the statute making a new apportionment of the membership of the lower house (*Pamph. L.* 1922, *p.* 100), on the basis of the federal census promulgated in 1920, was a valid exercise of the authority conferred upon that body by the constitutional provision, in view of the fact that the legislature of 1921 had failed to make that apportionment.

---

On application for *mandamus.*

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD, BERGEN, MINTURN and KATZENBACH.

VOL. XCVII.                    23                    (353)

For the relator, *John Milton*.

For the respondents, *William Newcorn*, assistant attorney-general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    Article 4, section 3 of our state constitution provides as follows:

"The general assembly shall be composed of members annually elected by the legal voters of the counties, respectively, who shall be apportioned among the said counties as nearly as may be according to the number of their inhabitants.    The present apportionment shall continue until the next census of the United States shall have been taken, and an apportionment of members of the general assembly shall be made by the legislature at its first session after the next and every subsequent enumeration or census, and when made shall remain unaltered until another enumeration shall have been taken; provided, that each county shall at all times be entitled to one member; and the whole number of members shall never exceed sixty."

The federal census is taken and promulgated every ten years, the last one being in the year 1920.    The census next preceding was taken in 1910; and, in accordance with the mandate of the constitutional provision above recited, the legislature sitting for the year 1911 passed an act apportioning membership in the general assembly among the several counties of the state, as nearly as might be, according to the number of their respective inhabitants.    The last federal census having been promulgated in 1920, under the constitutional mandate, the duty rested upon the legislature of the year 1921 to make a new apportionment of members among the counties of the state.    For some reason, which has not been made apparent, it failed in the performance of this duty, and no apportionment was made during that year.    In the succeeding year, however, the legislature of 1922 passed an apportionment act, known as chapter 53

of the laws of that year (*Pamph. L., p.* 100), by force of which the membership of Hudson county in the lower house was reduced from twelve (that being the quota provided by the statute of 1911) to eleven.

In this situation the relator asks the allowance of a *mandamus* to compel the respondents, in taking the statutory steps preliminary to the holding of the annual election of members of assembly in Hudson county, to disregard the apportionment of such members provided by the act of 1922 and to observe that declared by the statute of 1911. He rests his alleged right to the allowance of the writ upon the assertion that the apportionment act of 1922 is null and void for the reason that its passage was not permissible under the constitutional provisions recited, which requires that the power of apportionment must be exercised within the time limit specified, or not at all.

By article 4, the legislative power is vested in two separate bodies, the senate and general assembly. The members of each of these bodies are to be selected, not from the people of the state at large, but from the inhabitants of the several counties into which the state is divided and are to be elected by the legal voters of the county; each county is entitled to one senator, without regard to the number of inhabitants thereof; but membership in the general assembly is variable, the representation of each county therein being dependent upon the number of the inhabitants thereof as nearly as may be. The framers of the constitution realized that in the growth of the population of the state there would naturally be a change from time to time in the proportion of the number of inhabitants of the various counties *inter sese,* and, in order that the govermental scheme, based upon representation in the lower house in proportion to population, might be made effective in the future, provided that there should be an apportionment of membership among the various counties at stated times, the period fixed being the year succeeding the promulgation of the federal census, the apportionment to be made without regard to whether or

not, by it, any change in the number of representatives should occur in any county.

This being the governmental scheme provided by the framers of the constitution and adopted by the people, the question presented for decision is whether the legislature sitting in the year next succeeding the promulgation of a federal census can defeat that scheme, so far as it deals with the matter of the distribution of members of the general assembly among the several counties of the state, by refusing or neglecting to make the apportionment required by article 4, section 3. In our opinion, the right of the inhabitants of the several counties of the state to be accorded the representation in the lower house, provided by the constitution, cannot be defeated by such non-action of the legislature. It is true that the clause requiring the legislature sitting next after the promulgation of the federal census to make the apportionment is mandatory; but disobedience of that mandate cannot produce the result claimed by the relator. The failure to perform the duty cannot cancel the legislative obligation. In other words, as was stated by Peckham, J., in the case of *People, ex rel. Carter*, v. *Rice*, 135 *N. Y.* 473, similar in its legal aspect to that now before us, the duty is a continuous one, and is cast in turn upon each legislature succeeding that which has defaulted in the performance of the obligation, until the obligation is fulfilled. That is to say, if the apportionment is not made in the first session after the return of the enumeration, the duty to make it devolves upon the legislature then next sitting, and upon each following legislature until that duty is performed. To quote from the opinion just cited, "It cannot be tolerated that a legislature, by mere omission to perform its constitutional duty at a particular session, can thereby prevent, for another ten years, the apportionment provided for by the constitution."

And this, as it seems to us, is not only sound in reason, but the logical result of a universal rule of construction to be applied in determining the scope and meaning, not only of statutory, but of constitutional provisions. Mr. Justice Strong, writing for the United States Supreme

Court, in the *Legal Tender Cases,* 79 *U. S.* 457, 531, thus states the rule: "When investigating the nature and extent of the powers conferred by the constitution, it is indispensable to keep in view the objects for which those powers were granted. This is a universal rule of construction, applied alike to statutes, wills, contracts and constitutions. If the general purpose of the instrument is ascertained, the language of its provisions must be construed with a reference to that purpose, and so as to subserve it." The rule was applied by this court in the case of *Hugg* v. *Camden,* 39 *N. J. L.* 620, 623, in determining the intention of the legislature in declaring the time within which a duty created by it should be performed, Scudder, J., who delivered the opinion, stating that while the command of the statute should be obeyed within the time specified by the legislature, the naming of the time of performance is not a limitation of authority, unless the statute itself contains words restraining the person upon whom the duty is imposed from performing that duty at any time subsequent to the period fixed for such performance; and that, in the absence of such limitation, the duty enjoined may be performed at a time subsequent to that named in the statute, and the action be valid. See also *Morris Aqueduct* v. *Jones,* 36 *Id.* 206, 209, 211; *Endl. Stat.* 431; *Pott. Dwar. Stat.* 221.

We conclude, therefore, that, both in reason and on authority, the action of the legislature in 1922 in passing the statute making a new apportionment of the membership of the lower house, was a valid exercise of the authority conferred upon that body by the constitutional provision which has been recited; that the contention of the relator that Hudson county is presently entitled to be represented by twelve members in the house of assembly, is without support in law; and that, consequently, the application for the writ should be denied.