(No. 19085.— )
JOHN B. FERGUS, Appellant, *vs.* GARRETT KINNEY, State Treasurer, Appellee.

*Opinion filed December 20, 1928—Rehearing denied Feb. 7, 1929.*

RAY E. LANE, for appellant.

OSCAR E. CARLSTROM, Attorney General, (ALBERT D. RODENBERG, of counsel,) for appellee.

JESSE L. DECK, A. S. CUTHBERTSON, M. P. RICE, THOMAS L. FEKETE, and TRUMAN A. SNELL, for intervening appellees.

Mr. CHIEF JUSTICE DEYOUNG delivered the opinion of the court:

John B. Fergus, a citizen and tax-payer, filed a petition in the circuit court of Sangamon county under section 4 of the act entitled "An act in relation to suits to restrain and enjoin the disbursement of public moneys by officers of the State," approved June 21, 1917, in force July 1, 1917, (Cahill's Stat. 1927, p. 1409; Smith's Stat. 1927, p. 1884;) for leave to file a bill in equity to restrain Garrett Kinney, State Treasurer, or his successor in office, from paying the expenses of the Fifty-sixth General Assembly and the salaries and expenses of the membership of that body. A copy of the bill of complaint which the petitioner sought to file was attached to and made a part of the petition.

The petitioner alleges in his bill that by virtue of section 6 of article 4 of the constitution the General Assembly is required to re-apportion the State into senatorial districts every ten years; that the last of such re-apportionments was made in 1901 and that the General Assembly since has refused to perform that mandatory duty; that in the years which have elapsed since the last re-apportionment the number of inhabitants in many senatorial districts has increased substantially while in other districts it has decreased, so that a marked inequality of representation in the General Assembly has resulted; that the legislative candidates who will be elected in November, 1928, will not represent legally created senatorial districts, and that they, with the senators whose terms of office have not expired, will not constitute a legal or constitutional General Assembly. It is further alleged that the failure to re-apportion the State as required by the constitution, first, denies to

its inhabitants a republican form of government, in violation of section 4 of article 4 of the Federal constitution, which declares that the United States shall guarantee such a government to every State; and second, deprives the inhabitants of the State of equal representation, in violation of that provision of the Ordinance of 1787 for the government of the Northwest Territory, enacted by Congress under the Articles of Confederation, which declares that the inhabitants of the territory shall always be entitled to the benefit of a proportionate representation of the people in the legislature.

The State Treasurer, by the Attorney General, filed objections to the granting of the prayer of the petition. These objections, in substance, are, that until the Fifty-sixth General Assembly is organized the proceeding is premature; that neither the petition nor the bill questions the validity of the acts by authority of which the salaries and expenses of the members of the Fifty-sixth General Assembly will be paid; that the payment of such salaries and expenses is not dependent upon the character or quantity of legislation enacted by the General Assembly; that a court of equity will not coerce the exercise of discretionary powers vested in public officers, and that no court has the power to compel the General Assembly to re-apportion the State. More than one hundred of the persons named in the bill as prospective members of the Fifty-sixth General Assembly filed a petition to intervene and join the State Treasurer in his objections. The prayer of the petition for intervention was granted. Upon consideration of the original petition, and the objections thereto, the court entered an order denying the petition for leave to file the bill. From that order Fergus prosecutes this appeal.

Section 6 of article 4 of the constitution of 1870 provides: "The General Assembly shall apportion the State every ten years, beginning with the year 1871, by dividing the population of the State, as ascertained by the Federal

census, by the number fifty-one, and the quotient shall be the ratio of representation in the senate. The State shall be divided into fifty-one senatorial districts, each of which shall elect one senator, whose term of office shall be four years. The senators elected in the year of our Lord 1872, in districts bearing odd numbers, shall vacate their offices at the end of two years, and those elected in districts bearing even numbers, at the end of four years; and vacancies occurring by the expiration of term, shall be filled by the election of senators for the full term. Senatorial districts shall be formed of contiguous and compact territory, bounded by county lines, and contain, as nearly as practicable, an equal number of inhabitants; but no district shall contain less than four-fifths of the senatorial ratio. Counties containing not less than the ratio and three-fourths, may be divided into separate districts, and shall be entitled to two senators, and to one additional senator for each number of inhabitants equal to the ratio contained by such counties in excess of twice the number of said ratio." The duty imposed upon the legislative department of the State government by this section of the constitution is a mandatory one. (*People* v. *Thompson,* 155 Ill. 451; *Fergus* v. *Marks,* 321 id. 510.) Neither the language nor the purpose of the section permits an escape from its performance. The duty is a continuing one, and if it is not discharged at or within the time prescribed the burden of its performance rests upon successive General Assemblies until the section has been obeyed. *People* v. *Thompson, supra; Rumsey* v. *People,* 19 N. Y. 41; *People* v. *Rice,* 135 id. 473.

By article 3 of the constitution the powers of the government of this State are divided into three distinct departments,—the legislative, executive and judicial; and no person or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as expressly directed or permitted by

the constitution. This article includes in its prohibition each of the three departments of the State government, and it applies with equal force to all. No department can arrogate to itself any control over another department in matters which by the constitution have been confided exclusively to the other department. Many constitutional duties are imposed upon the legislative and executive departments, and they are responsible to the people for a failure to perform them. Under the prohibition of article 3 the courts cannot, in the absence of express constitutional provision to that end, coerce the performance of such duties. The constitution enjoins upon the legislative department the duty to re-apportion the State into senatorial districts at prescribed intervals. The performance of that duty involves the exercise of legislative power, which is vested solely in the General Assembly. Another department of the State government is powerless to compel a re-apportionment, and, apart from a constitutional amendment, the people have no remedy save to elect a General Assembly which will perform that duty. *People* v. *Thompson, supra; Fergus* v. *Marks, supra.*

Appellant's counsel, however, asserts in his brief and argument that the injunction which he seeks "is not a coercion of the legislative branch but merely a denial of certain prerogatives until such time as it shall obey the constitution." The legislature's failure or refusal to re-apportion the State is the sole cause of his complaint. If the next General Assembly should perform that duty he would not thereafter seek to restrain the payment of the salaries and expenses of its membership. An injunction is the remedy or instrument by which he would compel the legislative department to discharge a particular duty enjoined upon it by the constitution. He admits that the court cannot compel performance by a direct proceeding but asks it to do so by an indirect process. Obviously, neither is available.

The contention that by reason of the failure to re-apportion the State into senatorial districts since 1901 the next or Fifty-sixth General Assembly will have no *de jure* existence or validity is untenable. To sustain such a contention is to declare that every act passed by every General Assembly convened since 1911 is void. Since the duty to re-apportion is both a mandatory and continuing one, an apportionment act is not invalid because it was passed by some succeeding General Assembly after the time prescribed for its enactment. (*People* v. *Thompson, supra; Rumsey* v. *People, supra.*) Moreover, if the next General Assembly will have no lawful existence for the reason assigned by the appellant, that body necessarily will lack the power to make the re-apportionment which he asks the court to compel it to make.

The order of the circuit court is affirmed.

*Order affirmed.*