In the Matter of the Application of MAURICE J. BURNS, Petitioner, for a Mandamus Order against EDWARD J. FLYNN, as Secretary of State of the State of New York, and Others, Commissioners, Defendants.*

Supreme Court, Albany County, June 19, 1935.

*John J. Bennett, Jr., Attorney-General* [*Henry Epstein* of counsel], for the defendant Edward J. Flynn, as Secretary of State.

*Paul Windels, Corporation Counsel* [*Russell Tarbox* of counsel], for the defendants Commissioners of the Board of Elections in the City of New York.

*Manuel Voit,* for the Civic Association of Flushing, Queens County, N. Y.

SCHENCK, J. This is a petition by a duly registered voter of the county of Queens, in which he seeks from this court an order of mandamus, peremptory or alternative, directing the Secretary of State and the board of elections of the city of New York to certify for election in the county of Queens four Senators and eleven Assemblymen. The basis for the petition appears to be the Federal census of 1930, by virtue of which petitioner contends the county of Queens is entitled to two additional Senators and five additional Assemblymen. The two additional Senators and five additional

---

* This case substituted for *People* v. *Rao* (155 Misc. 742) (Advance Sheets No. 1803), which appears in 154 Misc. at page 819.—[REP.

Assemblymen are sought to be chosen by the voters of the State at large from the county of Queens at the election of 1935.

Petitioner seeks to restrain the Secretary of State from certifying for the primary and general elections for 1935 the two Senators and six Assemblymen now apportioned and chosen from Queens county. As I view it, the provisions of the Constitution make it clear that the apportionment of representatives in the Senate and Assembly is a duty which the Legislature must perform and which the Legislature alone can perform.

Section 5 of article 3 of the Constitution provides that the Members of Assembly shall be chosen by single districts and shall be apportioned by the Legislature at each regular session at which Senate districts are readjusted or altered and by the same law. From this section it would appear that the apportionment of Assemblymen must be contemporaneous with the districting for Senators and accomplished by the same statute.

This court cannot do that which the Legislature has failed to do. Pursuant to the provisions of section 4 of article 3, the Senate districts as now existing shall continue to be the Senate districts until the expirations of the terms of the Senators in office, except for the purpose of an election of Senators for full terms beginning at such expirations and for the formation of Assembly districts. By this provision of the Constitution the Senators heretofore elected shall continue as such until their terms of office have expired.

It may well be that the Legislature has failed to function in respect to apportionment of Senators and Assemblymen, but such failure on the part of that legislative body to act certainly does not give this court power to order an apportionment or assignment of legislative representatives.

There are undoubtedly other counties which are entitled to additional representatives in the Legislature by virtue of the provisions of the Constitution. This court should not endeavor to adjust the rights of these counties. That is clearly the duty of the Legislature.

I am not impressed with the argument that the defendants should be directed to allow these additional members of the Legislature to be elected at large this fall without apportionment as to districts. It is provided by the Constitution and by law that members of the Legislature must be elected by district. A provision for the election of Representatives at Large to Congress is provided for by Federal statute, but there is no provision in this State whereby any authority is given for the election by the State at large of persons to either the office of Senator or to the office of Member of Assembly.

It is further urged that if the court shall determine that petitioner is not entitled to have certified for election the additional Senators and Assemblymen as prayed for unless and until the Legislature shall readjust and alter the Senate districts and apportion the Assembly districts, that then the Secretary of State be restrained and prohibited from making and filing any certificates under section 69 of the Election Law, and that the defendant the board of elections in the city of New York be restrained and prohibited from conducting any primaries and elections for Senators and Assemblymen in the counties comprising the city of Greater New York until the Legislature shall readjust and alter the Senate districts and apportion the Assembly districts in accordance with the Federal census of 1930. Such a proposition does not commend itself to me. To enjoin the defendants from taking the necessary procedure to permit a vote being taken for representatives in the Legislature would be to deprive the voters of the city of Greater New York of an important civil right. That the Legislature may have failed to perform its duty should not interfere with nor take away from more than half of the citizens of this State their right of franchise as it exists under the present law.

The motion is denied, without costs.