47 So.2d 714

## OPINION OF THE JUSTICES.
### No. 117.

Supreme Court of Alabama.
Aug. 14, 1950.

To the Senate of Alabama
State Capitol
Montgomery, Alabama
Dear Sirs:

We are in receipt of Senate Resolution No. 7, adopted by the Senate of Alabama on August 10, 1950, which is as follows:

"Whereas, Sections 198, 199, and 200 of the Constitution require the Legislature to apportion the members of the House of Representatives and fix the number of senators and divide the State into as many senatorial districts as there are senators after each federal decennial census, 'which apportionment, when made, shall not be subject to alteration until the next session of the Legislature after the next de-

cennial census of the United States shall have been taken'; and

"Whereas, the Code of Alabama of 1940 sets out an apportionment of the members of the House of Representatives and fixes the number of senators and divides the State into as many senatorial districts as there are senators in Title 32, Sections 1 and 2, which sections meet the requirements of Sections 198, 199, and 200 of the Constitution and were enacted into a law which became effective May 31, 1941; and

"Whereas, the decennial census of the United States taken in 1950, the first decennial census of the United States taken since Sections 1 and 2 of Title 32, Code of Alabama (1940), became effective, has not been officially published or the results thereof officially proclaimed; and

"Whereas, there are now pending before the Legislature House Bills 4, 17, and 18 and Senate Bill 7 which are proposed measures relating to reapportionment of legislative representation on the basis of Sections 198, 199, and 200 of the Constitution; now therefore.

"Be It Resolved By The Senate:

"That the Justices of the Supreme Court, or a majority of them, are hereby respectfully requested to give this body their written opinion concerning the following important constitutional question:

"1. Has this Legislature any power or authority to apportion representation in the House of Representatives as provided by Sections 198 and 199 of the Constitution or change the senatorial districts as provided in Section 200 of the Constitution at this special session or any session subsequently convened until after the federal census of 1950 is completed and promulgated by the proper federal authority?"

The form of your inquiry seems to call for an answer based on at least one incorrect premise. It is manifest, therefore, that we should not respond to the question in the form that it is presented.

We think your inquiry presents a number of questions, which we will treat separately.

First: May the legislature apportion representation in the house of representatives, as provided by §§ 198 and 199 of the Constitution, or change the senatorial districts, as provided in § 200 of the Constitution in a special or extra-ordinary session called by the Governor for such purposes?

We answer that question in the affirmative. For an excellent discussion of this question see People ex rel. Carter v. Rice, 135 N.Y. 473, 31 N.E. 921, 16 L.R.A. 836.

Second: Is the duty and authority to apportion representation limited to the first session of the legislature after a decennial census of the United States has been taken and ascertained?

We answer that question in the negative. The legislature by a mere omission to perform its constitutional duty at a particular session cannot thereby prevent for another ten years the apportionment provided for by the Constitution. The duty is a continuing one and, if it is not discharged at or within the time prescribed, the duty rests upon succeeding general assemblies. Rumsey v. People, 19 N.Y. 41; People ex rel. Carter v. Rice, supra; Fergus v. Kinney, 333 Ill. 437, 164 N.E. 665; People ex rel. Woodyatt v. Thompson, County Clerk, 155 Ill. 451, 40 N.E. 307.

Third: Has there been an apportionment of legislative representation since the 1940 census of the United States was taken and ascertained, so as to preclude further apportionment until the 1950 census of the United States has been taken and ascertained?

We answer that question in the negative. True, only one apportionment is contemplated during the ten-year period that a given census enumeration is in effect. Denney v. State ex rel. Basler, 144 Ind. 503, 42 N.E. 929, 31 L.R.A. 726. But there has been no such apportionment within the meaning of §§ 198–201 of the Constitution of 1901 since the 1940 census of the United States was taken and ascertained.

The 1940 Code, which became effective on May 31, 1941, which date we assume was subsequent to the time the 1940 census

was taken and ascertained, does divide the representation of the legislature among the several counties and senatorial districts. §§ 1 and 2, Title 32, Code 1940.

The provisions of §§ 1 and 2, Title 32, Code 1940, are in the exact language of §§ 1507 and 1508 of the Code of 1923, which sections are in the exact language of §§ 900 and 901 of the Code of 1907. The apportionment provided for in §§ 900-901 of the Code of 1907 is the same that was provided in §§ 202 and 203 of the Constitution of 1901, except in the following respects: Section 202 of the Constitution provided for only 105 members of the house of representatives. In 1903, Houston County was created out of the counties of Henry, Dale and Geneva. Gen. Acts 1903, p. 44. Under the provisions of § 50 of the Constitution, the newly created county of Houston became entitled to one representative. Therefore, § 900 of the Code of 1907 provided in effect that there should be 106 members of the house of representatives and that Houston County should be entitled to one representative. Section 901 of the Code of 1907 shows that the newly created county of Houston became a part of the thirty-fifth senatorial district, which, under the provisions of § 203 of the Constitution, consisted only of Henry County.

We judicially know that the population of the various counties of this state has changed during the years which have intervened since the Constitution of 1901 was adopted, so that the representation as provided in §§ 1 and 2 of Title 32, Code 1940, cannot be said to be on a population basis. The contention is without merit that by bringing forward into the Code of 1940 the provisions of previous Codes as to the division or apportionment of representation in this state constitutes apportionment of the representation of the legislature within the purview of §§ 198–201 of the Constitution of 1901. This is clearly distinguishable from the case of Butler v. Democrat State Committee, 204 Ark. 14, 160 S.W.2d 494.

Fourth: May the present special session of the legislature apportion the representation of the legislature on the basis of the 1950 federal census, or would any such action have to be based on the 1940 federal census?

If the 1950 federal census has been taken and ascertained within the meaning of §§ 198–200 of the Constitution of 1901, then, of course, apportionment should be based on that census; if not, it may be based on the 1940 federal census.

We are without such information as would enable us to say that we take judicial knowledge that the 1950 federal census has become final as to all the counties in this state. As long as the enumerations which have been made in any of the counties in this state remain tentative, then we do not think that apportionment could be made on the basis of the 1950 federal census.

True, we judicially know that work has been done to the end that the 1950 federal census be taken in this state. But we cannot say in this advisory opinion that it has proceeded to such a point that an apportionment may be made thereon at this time.

Respectfully submitted,
/s/ Joel B. Brown
JOEL B. BROWN
Associate Justice

J. Ed Livingston
J. ED LIVINGSTON
Associate Justice

Thomas S. Lawson
THOMAS S. LAWSON
Associate Justice

Robert T. Simpson
ROBERT T. SIMPSON
Associate Justice