OPINION
OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION
3 OF ARTICLE VI OF THE CONSTITUTION
* * * *

QUESTIONS PROPOUNDED BY THE SENATE
BY ORDER DATED JANUARY 20, 1953

ANSWERED JANUARY 27, 1953

STATE OF MAINE

In Senate, January 20, 1953.

ORDERED,

Whereas, Section 2 of Article IV, Part First, of the Constitution of Maine requires that "The legislature shall, within every period of at most ten years and at least five, cause the number of the inhabitants of the state to be ascertained, exclusive of foreigners not naturalized, and Indians not taxed"; and

Whereas, the same section further provides that "The number of representatives shall, at the several periods of making such enumeration, be fixed and apportioned among the several counties, as near as may be, according to the number of inhabitants, having regard to the relative increase of population"; and

Whereas, the last apportionment of representatives was made by the legislature in 1941, so that more than ten years have elapsed since an apportionment was made or enumeration of inhabitants caused to be made for the purpose of apportionment; and

Whereas, the 95th legislature did not ascertain the number of inhabitants, either by causing an enumeration to be made or by adopting the federal census enumeration or any other, and did not reapportion representatives; and

Whereas, the foregoing facts appear to create a solemn occasion while the following questions appear to be important questions of law within the meaning of Section 3 of Article VI of the Constitution; now, therefore, be it

ORDERED, that the Justices of the Supreme Judicial Court be respectfully requested to give their opinion on the following questions:

Question 1. Is it the right of the 96th legislature to ascertain the number of inhabitants and to apportion representatives according to the provisions of Sections 2 and 3 of Article IV, Part First, of the Constitution?

Question 2. If the answer to Question 1 be in the affirmative, is it also the duty of the 96th legislature so to enumerate and apportion?

Question 3. Should an enumeration of inhabitants, when made by the 96th legislature, be made as of the latest date when it should have been made at the end of the ten years' period beginning with the 1941 apportionment, or should it be made as of the date of its actual making within the term of the legislature which means it?

Question 4. Should a ten-year reapportionment of representatives made or provided for by the 96th legislature run from the year when it is made or from the year when it should have been made?

Question 5. Is it within the power of the legislature, it having first ascertained the number of inhabitants, to enact a law requiring any state official or any governmental body of the state to make the reapportionment based upon the enumeration of inhabitants as made by the legislature and otherwise according to the provisions of the Constitution?

Name:  EDWARD E. CHASE

County: Cumberland                    Passed as amended.

A true copy.   Attest:

/s/  CHESTER T. WINSLOW
*Secretary of the Senate*

SENATE AMENDMENT "A" TO SENATE ORDER RE-
QUESTING OPINION OF JUSTICES OF SUPREME
JUDICIAL COURT RE APPORTIONMENT OF
REPRESENTATIVES.

Amend said Order by inserting after the word "representa-
tives" in the 4th paragraph, 4th line, the following:

"by reason of failure of House and Senate to agree
upon a bill for that purpose, as shown by the Legisla-
tive Record"

In Senate Chamber
Jan. 22, 1953
Read and adopted

CHESTER T. WINSLOW
*Secretary*

Senator HARDING
        Knox


ANSWER OF THE JUSTICES

To the Honorable Senate of the State of Maine.

In compliance with the provisions of Section 3 of Article
VI of the Constitution of Maine, the undersigned Justices
of the Supreme Judicial Court, having considered the ques-
tions submitted by the foregoing Senate Order, answer as
follows:

## Questions 1 and 2

Article IV, Part First, Section 2, of the Constitution of the State of Maine reads as follows:

> "Section 2. The house of representatives shall consist of one hundred and fifty-one members, to be elected by the qualified electors, and hold their office two years from the day next preceding the biennial meeting of the legislature. The legislature shall, within every period of at most ten years and at least five, cause the number of the inhabitants of the state to be ascertained, exclusive of foreigners not naturalized, and Indians not taxed. The number of representatives shall, at the several periods of making such enumeration, be fixed and apportioned among the several counties, as near as may be, according to the number of inhabitants, having regard to the relative increase of population."

It is the duty of the Legislature to obey this mandate of the Constitution.

See Opinion of the Justices, 3 Me. 477, at 479.

Neither the language nor the purpose of the foregoing provision of our Constitution permits an escape from its performance. See *Fergus* v. *Kinney*, 333 Ill. 437, 164 N. E. 665, 666.

The duty is a continuous one and is cast in turn upon every legislature succeeding that which has omitted to perform it until that duty is performed. That is to say, if the apportionment is not made within the period prescribed by the Constitution, the duty to make it devolves upon the legislature then next sitting and upon each following legislature until that duty is performed. *Botti* v. *McGovern*, 97 N. J. Law 353, 118 A. 107, 108.

This same principle is declared in *Fergus* v. *Kinney, supra* when the Illinois Court said:

"The duty is a continuing one, and, if it is not discharged at or within the time prescribed, the burden of its performance rests upon successive General Assemblies until the section has been obeyed."

The reason is well stated in *Botti* v. *McGovern, supra,* quoting from *People ex rel. Carter* v. *Rice,* 135 N. Y. 473, 31 N. E. 921, where it is said:

"It cannot be tolerated that a Legislature, by mere omission to perform its constitutional duty at a particular session, could thereby prevent for another ten years the apportionment provided for by the Constitution."

The duty to apportion the state is a specific legislative duty imposed by the Constitution solely upon the legislative department of the state, and it alone is responsible to the people for the failure to perform it. See *Fergus* v. *Marks,* 321 Ill. 510, 152 N. E. 557.

The duty of causing the number of inhabitants to be ascertained may be discharged in any reasonable manner which may be determined upon and adopted by the Legislature, including that which has undoubtedly been used through the years, viz., adopting therefor the last Federal Census.

We answer Questions 1 and 2 in the affirmative.

### QUESTION 3

While the ascertainment of the number of inhabitants should be as of the time it is made, the Legislature is entitled to use therefor such information as is currently available. This, as stated in our answer to Questions 1 and 2, includes the last Federal Census, which is now controlling in determining senatorial representation under our Constitution, Art. IV, Part Second, Section 1.

## QUESTION 4

There is nothing in the Constitution which requires the Legislature to state the term of the continuance of any apportionment it makes. If made, it must continue for at least five years. However, the Legislature cannot constitutionally prescribe that it continue for more than ten years from the time it is made, nor can the Legislature, by prescribing that an apportionment continue for more than five years, deprive a subsequent legislature of its constitutional power to reapportion after the expiration of five years. In view of the fact that no action by this Legislature in making an apportionment can control the action of subsequent legislatures for more than five years, we cannot say that the Legislature *should* take either course concerning which the inquiry is made. It is for the Legislature and not for the Justices of the Supreme Judicial Court to determine whether it will be wise to make an apportionment of representatives in 1953, as it should, which will expire with the Legislature of 1961, as does the senate representation provided by the Legislature of 1951 in Resolves of 1951, Chap. 132.

## QUESTION 5

The duty laid upon the Legislature with respect to reapportionment is a non delegable duty.

Dated at Portland, Maine, this twenty-seventh day of January, 1953.

Respectfully submitted:

HAROLD H. MURCHIE
SIDNEY ST. F. THAXTER
RAYMOND FELLOWS
EDWARD F. MERRILL
WILLIAM B. NULTY
ROBERT B. WILLIAMSON