M. O. SIMS, Fred A. Beam, Wylie Johnson, G. R. Southard, Miles S. Lee, Paul Friedman, Wm. Lindsay Williams, William P. Shaw, Jr., Prentice W. Thomas, Richard D. Tannehill, Paul M. Byrne, David R. Baker, Charles Morgan, Jr., and George Peach Taylor; Intervenors: R. E. Farr, Marshal Meadows, Jack Hopping, Jack Ryan, and Max W. Morgan, Plaintiffs,

v.

Bettye FRINK, Secretary of State of the State of Alabama; Harrell Hammonds, Judge of Probate of Lowndes County, Alabama; John A. Sankey, Judge of Probate of Montgomery County, Alabama; J. Paul Meeks, Judge of Probate of Jefferson County, Alabama; C. O. Vardaman, Chairman of the Alabama State Republican Executive Committee; O. P. Drake, Secretary of the Alabama State Republican Executive Committee; Sam Engelhardt, Chairman of the Alabama State Democratic Executive Committee; H. G. Rains, Secretary of the Alabama State Democratic Executive Committee; MacDonald Gallion, Attorney General of the State of Alabama, Defendants.

Civ. A. No. 1744–N.

United States District Court
M. D. Alabama, N. D.

April 14, 1962.

246

---

Charles Morgan, Jr., George Peach Taylor, Robert M. Loeb, and Kenneth Howell, Birmingham, Ala., for all plaintiffs except intervenors.

Cooper, Mitch & Crawford, Birmingham, Ala., for intervenors.

Boswell & Smith, Geneva, Ala., for defendant Harrell Hammonds.

Roy D. McCord, Gadsden, Ala., and H. G. Rains, Guntersville, Ala., for defendants Sam Engelhardt and H. G. Rains.

MacDonald Gallion, Montgomery, Ala., Bettye Frink, and J. Paul Meeks, pro se.

No appearances were filed for defendants John A. Sankey, C. O. Vardaman and O. P. Drake.

Before RIVES, Circuit Judge, and THOMAS and JOHNSON, District Judges.

PER CURIAM.

In the order setting for a hearing plaintiffs' application for interlocutory injunction, we expressed the view that Section 2284 of Title 28 United States Code placed upon this Court the manda-

tory duty to set the application for a hearing "at the earliest practicable day." The same principle, together with the importance of the case and the necessity for some effective action within a limited time, requires an early announcement of our views.

We remain of the same opinion that was expressed in the order setting the application for hearing, viz.: until the Legislature has had a further reasonable but prompt opportunity to comply with its duty under Sections 199 and 200 of the Constitution of Alabama, this Court should take no action not absolutely essential for the protection of the constitutional rights asserted in the complaint; and no ruling before the primary elections of May 1962 appears essential.

The application for interlocutory injunction pertains to the conduct of both the primary elections of May 1962 and the general election of November 1962. That application is therefore continued and re-set for hearing at 10 o'clock a. m. on Monday, July 16, 1962. The hearing cannot be set for a much later date because, if this Court is to act effectively, some action must be taken in ample time before the general election of November 1962.

For the guidance of counsel and for such aid as we may be in solving the troublesome but important subject of this litigation, we make the following additional remarks:

(1) Under the opinion of the Supreme Court of the United States in Baker v. Carr, 82 S.Ct. 691, decided March 26, 1962, it seems clear to us that: (a) this Court has jurisdiction of the present action; (b) the complaint as amended states a justiciable cause of action; (c) the plaintiffs have standing to challenge the Alabama apportionment statutes.

(2) We have no disposition to discourage the introduction of evidence by any party, and in the ordinary case our opinion as to whether the plaintiffs will be entitled to appropriate relief should await the introduction of evidence. However, we take judicial notice of the same facts which are well known to the Justices of the Supreme Court of Alabama and to the people of this State, as expressed on two different occasions in opinions of the Justices.

"We judicially know that the population of the various counties of this state has changed during the years which have intervened since the Constitution of 1901 was adopted, so that the representation as provided in §§ 1 and 2 of Title 32, Code 1940, cannot be said to be on a population basis." Opinion of the Justices of the Supreme Court of Alabama, No. 117, August 14, 1950, 47 So.2d 714, 717.

"We know, and the people of this State know, that our Constitution says that it *shall* be the duty of the legislature to reapportion the legislature according to population after each decennial census and that this constitutional mandate of the Constitution of 1901 has never been complied with." Opinion of the Justices of the Supreme Court of Alabama, No. 148, July 11, 1955, 81 So. 2d 881, 887.

(3) The controlling constitutional formula which runs throughout the Constitution of Alabama is thus expressed in the last sentence of Section 284 of said Constitution: "Representation in the legislature shall be based upon population, and such basis of representation shall not be changed by constitutional amendments." See also Sections 198 to 201, inclusive. If that formula is met, then there can be no valid objection under the equal protection clause or any other part of the Constitution of the United States, which is, of course, the supreme law of the Land, binding alike on this Court and on the Legislature of Alabama (Article VI, Clauses 2 and 3 of the Constitution of the United States). It is necessary that any action taken by the Legislature comply with constitutional standards, and it is important that

such standards be met not halfheartedly but fully, because once there has been a legislative reapportionment, unless it so completely fails to meet constitutional standards that it must be set aside by court order, it will not be subject to alteration until the next session of the Legislature after the decennial census in 1970 (Constitution of Alabama, Section 198).

█ (4) In the event that the Legislature of Alabama complies with its duty before the next hearing, and this Court can so find, then no further action will be needed in this case and the case can be dismissed. If the Legislature does not act, or if its action does not meet constitutional standards, then we will be under a clear duty to take some action in time to take effect before the general election of November 1962. Such action, however, should be held to the minimum that is necessary for the citizens of Alabama to be accorded their constitutional rights.

(5) To that end, it is fair to advise the parties of our present thinking that we would then follow the plan suggested in the concurring opinion of Mr. Justice Clark in Baker v. Carr, supra:

"One plan might be to start with the existing assembly districts, consolidate some of them, and award the seats thus released to those counties suffering the most egregious discrimination. Other possibilities are present and might be more effective. But the plan here suggested would at least release the stranglehold now on the Assembly and permit it to redistrict itself."

(6) While retaining jurisdiction, we could then defer further decision or action to afford the newly elected Legislature full opportunity to heed the constitutional mandate to reapportion. When that has been done the duty resting on us will be at an end and the case can be dismissed.